[Cite as *McKitrick v. State*, 2025-Ohio-3047.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| Kyle James McKitrick | Court of Appeals No. S-24-030 |
| Appellant | Trial Court No. 24CV902 |
| v. | |
| State of Ohio | **DECISION AND JUDGMENT** |
| Appellee | Decided: August 26, 2025 |

\* \* \* \* \*

Andrew R. Mayle, Richard R. Gilliam,
Benjamin G. Padanilam, and Nicole K. Papageorgiou, for appellant.

Beth Tischler, Sandusky County Prosecuting attorney, for appellee.

\* \* \* \* \*

**SULEK, P.J.**

{¶ 1} Appellant, Kyle McKitrick, appeals the November 20, 2024 judgment of the Sandusky County Court of Common Pleas finding premature his petition for a Certificate of Qualification for Employment (CQE). McKitrick argues that the court failed to consider R.C. 2953.25(B)(4)(b), which grants authority to the Ohio Department of

Rehabilitation and Corrections (ODRC) to pass rules allowing petitions to be filed before the statutory waiting period lapses. Because the State concedes error, and upon review we agree that the trial court erred, the judgment is reversed and the matter remanded for a full hearing on McKitrick's petition.

## I. Facts

{¶ 2} On September 19, 2024, McKitrick, pro se, filed a petition for a CQE pursuant to R.C. 2953.25 in order to seek a license with the Ohio Chemical Dependency Professionals Board to act as a Chemical Dependency Counselor Assistant (CDCA). He stated that he complied with all the conditions of his five-year community control supervision and that he successfully completed and was dismissed from probation within four years.

{¶ 3} On November 18, 2024, the trial court conducted a hearing on the petition. The State agreed that McKitrick successfully completed probation in August 2024 but opposed granting the CQE because the statutory waiting period had not lapsed. The court then denied the petition finding that R.C. 2953.25 requires that a full year pass from the time of final discharge from community control before CQE eligibility. The court indicated that the petition could be refiled in August 2025. McKitrick commenced this appeal.

## II. Assignment of Error

The common pleas court abused its discretion by applying the wrong statutory provision to determine when appellant could first petition for a certificate of qualification for employment, and by

2.

erroneously dismissing his petition based on that inapplicable legal standard.

### III. Analysis

**{¶ 4}** McKitrick's sole assignment of error claims that the trial court erred by applying the wrong statutory provision when summarily denying his petition for a CQE. The State concedes error.

**{¶ 5}** R.C. 2953.25(B)(4)(a)(i) provides:

> (4)(a) Except as provided in division (B)(4)(b) of this section, an individual may file a petition under division (B)(1) or (2) of this section at any time after the expiration of whichever of the following is applicable:

> (i) If the offense that resulted in the collateral sanction from which the individual seeks relief is a felony, at any time after the expiration of one year from the date of release of the individual from any period of incarceration in a state or local correctional facility that was imposed for that offense and all periods of supervision imposed after release from the period of incarceration or, if the individual was not incarcerated for that offense, at any time after the expiration of one year from the date of the individual's final release from all other sanctions imposed for that offense.

**{¶ 6}** However, R.C. 2953.25(B)(4)(b) authorizes the ODRC to establish criteria allowing an individual "to file a petition before the expiration of six months or one year from the date of final release, whichever is applicable[.]" Such criteria is set forth in Adm.Code 5120-15-01(C).

**{¶ 7}** Accordingly, McKitrick is entitled to a full hearing on the petition in accordance with the applicable statutes and rules and his assignment of error is well-taken.

3.

## IV. Conclusion

{¶ 8} The November 20, 2024 judgment of the Sandusky County Court of Common Pleas is reversed and the matter is remanded for a hearing on McKitrick's petition for a CQE.  Pursuant to App.R. 24, the State is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

JUDGE

Charles E. Sulek, P.J.

JUDGE

Scot A. Stevenson, V.J.
CONCUR.

JUDGE

Judge, Scot A. Stevenson, Ninth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

4.